**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEANTE CLAY, TDCJ #01917341** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-26-CV-2980-XR** |
| **v.** | § | |
| | § | |
| **ASSISTANT WARDEN KRYSTLE BELTRAN, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Before the Court are: (1) Defendants Assistant Warden Krystle Beltran and Sergeant Alfred Hassler's ("Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 12) and Motion to Stay Proceedings (ECF No. 17), and (2) *Pro Se* Plaintiff Deante Clay's ("Clay") Motion to Exercise Jurisdiction (ECF No. 11) and Motion for Partial Summary Judgment (ECF No. 13).

Plaintiff, a TDCJ inmate proceeding *pro se*, alleges that on or about September 17, 2025, he was brutally assaulted in his cell by another inmate, Jeremy Walker, and that the attack temporarily disfigured his face. Plaintiff alleges that inmates notified Sgt. Hassler during the assault, but Hassler did not render aid and appeared only hours later, leaving Plaintiff in the cell with the attacker. Plaintiff also alleges he remained in the cell with Walker for approximately ten days after the attack. As to Assistant Warden Beltran, Plaintiff alleges that she later substantiated his assault allegations during a Unit Classification Committee protection hearing yet kept him housed on the same unit and in the same building as Walker, failed to classify Walker as an official enemy, and thereby allowed Plaintiff to continue crossing paths with Walker until Walker later attacked him again.

Defendants argue the complaint fails to state a plausible Eighth Amendment failure-to-protect claim against either defendant. As to Beltran, Defendants contend Plaintiff's own pleadings show she took objectively reasonable measures by substantiating the assault and arranging a housing change, even if Plaintiff was not transferred to a different unit or given the additional classification protections he sought. As to Hassler, Defendants contend Plaintiff does not plausibly allege that Hassler knew an assault was likely before it began, actually knew the assault was occurring in time to intervene, was present and able to intervene. Defendants further argue both defendants are entitled to qualified immunity because the complaint does not allege a constitutional violation and does not identify clearly established law forbidding the conduct alleged.

Plaintiff responds that at the Rule 12(b)(6) stage the Court must accept his allegations as true, draw reasonable inferences in his favor, and construe his pro se complaint liberally. He argues his complaint plausibly alleges that both defendants knew of a substantial risk of serious harm and failed to take reasonable steps to reduce that risk, which is sufficient to proceed past the pleading stage.

To survive dismissal, a complaint need only contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint is construed liberally, and the Court does not weigh evidence or resolve factual disputes at this stage. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). Those standards are especially important here

because the motion largely asks the Court to draw inferences in Defendants' favor from a short prisoner complaint, rather than in Plaintiff's favor as Rule 12(b)(6) requires.

Taking the complaint as true, Plaintiff has plausibly alleged an Eighth Amendment claim against Hassler. Plaintiff does not merely allege an unforeseeable assault; he alleges inmates notified Hassler during an ongoing "serious brutal assault," that Hassler failed to render aid, appeared only hours later, and then left Plaintiff in the same cell with the attacker for about ten days. At the pleading stage, those allegations permit a reasonable inference that Hassler was made aware of an immediate and substantial risk to Plaintiff's safety and failed to take reasonable measures to abate that risk. *Farmer v. Brennan*, 511 U.S. 825, 837, 842–844 (1994); *Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). Defendants' contrary arguments—that the notifying inmates may not have reached Hassler, that Hassler may not have had time to intervene, or that the second assault occurred only after Plaintiff was moved—raise factual possibilities that cannot defeat the complaint on a Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555–56.

Plaintiff has also plausibly alleged an Eighth Amendment claim against Beltran. According to the complaint and grievance materials attached to it, Beltran and the Unit Classification Committee substantiated Plaintiff's assault allegations and recognized the threat posed by Walker. Plaintiff nevertheless alleges Beltran kept him on the same unit and in the same building, failed to secure an inter-unit transfer or "enemy" designation, and that he continued to encounter Walker until Walker later attacked him again. While Defendants characterize the housing change as a reasonable response as a matter of law, the Court cannot conclude on the pleadings alone that moving Plaintiff within the same building necessarily

defeated any inference of deliberate indifference once the risk had been substantiated and the complaint alleges the protective measures proved inadequate almost immediately. *See Farmer*, 511 U.S. at 842–44 (reasonable response to known risk precludes liability, but reasonableness is a fact question); *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

The qualified-immunity arguments likewise do not warrant dismissal at this stage. The right of a prisoner to be protected from violence at the hands of other prisoners was clearly established long before the events alleged in the complaint. *See Farmer*, 511 U.S. at 833–34; *Johnston*, 786 F.2d 1254, 1259 (5th Cir. 1986). On Plaintiff's version of events, Hassler ignored notice of an ongoing brutal assault and left Plaintiff confined with the attacker afterward, while Beltran allegedly knew the attack had been substantiated yet failed to separate Plaintiff meaningfully from the attacker despite a continuing threat that culminated in another attack. If those allegations are true, the unlawfulness of the conduct would not depend on the kind of factual precision Defendants demand at the pleading stage.

The Court does not hold that Plaintiff will ultimately prevail. Discovery may show that Defendants acted reasonably, lacked the required subjective awareness, or were not personally involved in the later events. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (qualified immunity analysis often depends on factual development); *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (qualified immunity may be raised on a motion to dismiss but turns on whether well-pleaded facts show a violation of clearly established law). But at this stage, Plaintiff has provided more than labels and conclusions; he has identified the assault, the notice allegedly given to each defendant, the actions each defendant allegedly took or failed to take, and

the resulting continued exposure to the same attacker and later injury. That is enough to nudge his Eighth Amendment claims across the line from conceivable to plausible.

Accordingly, Defendants Beltran and Hassler's Motion to Dismiss (ECF No. 12) is **DENIED**. Plaintiff's Motion for the Court to Exercise Pendent Jurisdiction (ECF No. 11) is **DENIED**. This case was filed in this Court, not removed from state court, and no state law claim has been asserted in the Complaint. Plaintiff's Motion for Partial Summary Judgment (ECF No. 13) is **DENIED** as genuine issues of material fact exist. Defendants' Motion to Stay this case (ECF No. 17) is **DENIED** as moot inasmuch as the Court has now ruled on the 12(b)(6) motion.

The parties are **ORDERED** to meet and confer and submit a proposed Scheduling Order within 14 days.

It is so **ORDERED**.

**SIGNED** this July 30, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE